STATE of Missouri, Respondent,

v.

Henry L. IVY, Appellant.

No. WD 32411.

Missouri Court of Appeals, Western District.

Nov. 2, 1982.

James L. Lyons, Kansas City, for appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for stealing in violation of § 570.030, RSMo 1978. The judgment is affirmed.

Three points are presented, which in summary charge the trial court erred (1) in failing to sustain appellant's motion for acquittal because the evidence was insufficient to support the verdict; (2) in failing to sustain appellant's objection to the prosecutor's comment in closing argument concerning appellant's failure to testify; and (3) in failing to sustain appellant's objection to prosecutor's comments during final argument concerning statements that were beyond the scope of the evidence.

Appellant challenges the sufficiency of the evidence necessitating a detailed recital of same. On the morning of March 3, 1980 at about 11:00 a.m., the manager of a local 7–11 convenience store was returning to the store from a local bank. The manager had in his possession a money bag containing $200.00 in coins. As the manager approached the front door of the store, appellant was approaching the door and snatched the money bag from the manager's hands.

The manager and appellant were face to face at the moment of the offense. The manager gave chase, but slipped and fell. Inside the store, another clerk observed the above events. This clerk recognized appellant. She gave an identification of appellant to the police, including appellant's first name. Another witness to the offense identified appellant, including appellant's name, at the scene. This witness did not testify at trial.

The manager and the clerk testified that they were shown an array of photos which included a photo of appellant and from which, without suggestion or influence by law enforcement officers, they independently selected appellant's photo. Both of these witnesses made a positive in-court identification of appellant. The state concluded its evidence.

The defense produced one witness, an investigating police officer. The defense, through this witness, outlined identification differences reflected on the police investigation report. Appellant elected not to testify and so informed the court upon a hearing on his election not to testify.

The jury returned its guilty verdict and recommended a sentence not to exceed five years. This appeal followed the overruling of timely filed after trial motions.

Under point (1), appellant charges that the evidence was insufficient to sustain the jury's verdict. In this challenge, appellant contends (1) that the clerk first testified she observed appellant commit the offense and then "recanted" that testimony. The record does not support appellant's contention. This witness testified that she saw the young man who committed the offense. She identified appellant as the person who committed the offense from a photo and upon trial. On cross-examination, she testified, "I'm not sure, you know, because see, well okay I turned around, I looked out the door and I saw this person standing there. I wasn't sure if it was him (appellant) or not. I double-looked at him. You know, I turned back around and started waiting on customers, and the next thing I know they

say this person snatched the money bag. When I turned around he was running away." This witness then testified that she did not actually see appellant snatch the bag from the manager and she was not testifying that she saw appellant commit the actual offense.

Appellant proceeds further to challenge the identification of appellant by the manager. Appellant points out that the manager testified he observed appellant from 20 to 30 seconds to not more than two minutes. Appellant's counsel then asked the manager-witness if he remembered counsel from the preliminary hearing, and the witness said no. Appellant then attacks the manager's initial physical description of appellant. Of particular note was this witness's account that the person who stole the money had a scar of one to one-half inches on the upper lip and that he was of a short and stocky build. At trial, the witness testified (when appellant was called forward for identification) that appellant had a "large frame". It is assumed by appellant that the manager-witness did not pay any particular attention to appellant. This witness testified first (as to the scar) that he was "shaken up" at the scene and could have been mistaken when he advised the police he thought he observed a scar. On the question of the "short and stocky" build, this witness at trial exclaimed that since he (the witness) was six feet five inches tall, appellant, by his build to the witness, was short and stocky.

■■■ A close examination of appellant's contention under his point (1) reveals his attack upon the credibility of the testimony of the clerk and manager rather than a bonafide challenge to the sufficiency of the evidence. There is no question that the record reveals contradictions and inconsistencies in the testimony of these two witnesses, but the testimony of both of these witnesses is not so inconsistent or contradictory as to prevent it from being substantial. Such inconsistencies and contradictions are matters left to the determination of the jury as fact finder. *State v. Newberry*, 605 S.W.2d 117, 121 (Mo.1980). It cannot be said that the testimony of these two witnesses was insufficient as a matter of law. *State v. Hill*, 438 S.W.2d 244, 248 (Mo.1969).

There is no merit to appellant's point (1) and it is ruled against him.

Under point (2), appellant charges the trial court with error upon its failure to sustain his objection to a comment by the prosecutor, during final argument, which appellant alleges was a comment upon appellant's failure to testify.

The challenged comment is as follows:

"Mr. Lyons talks about critical points. There is one critical point in this case, and it's been overlooked. We're going to talk about that. You'll recall when Mr. Lyons had Officer Panuco come up and testify about this report. The officer stated to you that he took this report, this stuff in here, the description that came from Mr. Bailey. This critical point is the reason why you should believe Lee Bailey. This is a critical point that wins the case for the State. If you look in this box, right here, it says, 'Teeth.' I'm sure Mr. Lyons, through inadvertence, overlooked this when he had Officer Panuco up here and he talked about it. It says, right here, 'Teeth: Unknown, broken, gapped, irregular, protruding, missing, stained, bridge, partial false, capped, silver,' and then there is a circled 'U', which means 'upper'. So Lee Bailey told that officer that the guy that took the money had a silver capped tooth on his upper—

MR. LYONS (Attorney for appellant): I have an objection. Excuse me, Mr. Fischer. I didn't know where it was going, but the objection is that there has been no evidence that Mr. Ivy has any capped teeth, that he has a silver tooth, or anything else. Mr. Fischer is trying to imply, now, that he does, and that somehow the State has gotten that in. I object to it, because it's a misstatement of the evidence, Your Honor.

THE COURT: Objection overruled.

MR. FISCHER: (prosecuting attorney) Henry Ivy does have a silver tooth.

MR. LYONS: Your Honor, again, I'll object to it. That's a complete misstate-

ment of the evidence. There is nothing in evidence about Mr. Ivy having a silver tooth or anything else. I ask that that be withdrawn and that the jury be instructed to disregard that statement.

THE COURT: The objection and motion are overruled."

■ The first point, which must be considered, is that the record shows no objection on the basis that the prosecutor's statements were a direct comment on appellant's failure to testify. The objection was that the statements were a "misstatement of the evidence." The motion for new trial does not raise this issue either. The point has not been properly preserved for review by this court. *State v. Brown,* 611 S.W.2d 301, 302 (Mo.App.1980). This court, nonetheless, has reviewed the matter ex gratia and is forced to conclude that by no stretch of the imagination can the statements of the prosecutor be construed as a comment upon appellant's failure to testify.

Under his final point (3), appellant charges the trial court erred in failing to sustain his objection to statements of the prosecutor during final argument as it is alleged the statements were beyond the scope of the evidence.

The challenged statement is that portion set forth under point (2) and requires no repeating at this point. It is appellant's contention that there was no evidence of appellant's having a "silver tooth" and by arguing same, the prosecutor "added an additional piece of evidence."

■ As can be observed from the above portion of the state's final argument, the trial court overruled appellant's objection. Our trial courts are afforded wide discretion concerning final argument, and rulings relative thereto are to be set aside only upon a showing of an abuse of that discretion. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982) and *State v. Hooker,* 536 S.W.2d 487, 490 (Mo.App.1976). As noted within the statement of facts and the disposition of point (1) above, the identity of appellant was in issue. The manager, during cross-examination, was challenged by appellant over the manager's having told the officers that appellant had a scar on his upper lip and that appellant was of short and stocky build. Appellant was called forward to the witness stand and the manager was asked to observe appellant and to state to the jury if he observed any scar. In addition, while in the presence of the manager-witness, appellant's physical build was compared with the statements by the manager. Cross-examination by appellant made use of a police report which disclosed, in regard to appellant's appearance, "Teeth: Unknown, broken, gapped, irregular, protruding, missing, stained, bridge, partial false, capped, silver." Under the foregoing, the letter "U" was circled, indicating "upper". From this, the respondent argued that the manager may have mistaken the scar, but not the silver tooth. Objection to this was made on the basis that there was no evidence "on the record" of appellant's having a silver tooth. From the record, however, it is obvious that appellant does have a silver tooth. In addition, appellant's major defense was failure of identity. As part of his trial strategy, appellant was presented to the jury at the witness chair for purposes of comparison between his physical appearance and the description testimony of the manager witness. Appellant placed his physical appearance in issue. Under the particular facts and circumstances herein, it cannot be said that the trial court abused its discretion in overruling appellant's objection.

There is no merit to appellant's point (3) and it is ruled against him.

The judgment is affirmed.

All concur.