**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ricky Randall Rex SMITH,
Defendant-Appellant.**

**No. 13695.**

Missouri Court of Appeals,
Southern District, Division Three.

April 3, 1985.

John D. Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Roy W. Brown, Bruce B. Brown, Brown & Brown, Kansas City, for defendant-appellant.

TITUS, Judge.

Defendant was jury-convicted of the felony of possessing more than 35 grams of marihuana. § 195.020.[1] The jury assessed punishment at imprisonment for a term of five years. § 195.200.1(1)(b). Judgment was accordingly entered and defendant appealed.

Brent Short had been employed as a mechanic at a West Plains garage "right after the first" of 1983. From the time of his employment until April 22, 1983, the garage employees had been working on a Renault said to be owned by Jollie Smith, a brother of defendant. On April 22 Short had driven the car to his home to put mileage on the vehicle so the head gasket could be "retorqued." Short's employer called with instruction to drive the Renault to the garage so it could be test driven. After Short arrived at the garage, Jollie got into the driver's seat with Short in the front passenger seat. Just as they were leaving, defendant ran from the garage stating "that he was going too." However, before the test drive got underway, defendant left the Renault and went to the car in which the Smith brothers had arrived for the announced purpose of getting "the

---

1. Statutory and rule references are to V.A.M.S.    and V.A.M.R.

goody box." When defendant and the "goody box" (described as a "metal candy can") were ensconced in the Renault's back seat, the trio proceeded in the Renault towards the Thayer-Koshkonong area. While en route to that destination, defendant poked Short in the ribs with what was assumed to be a gun and told Short to "Get out." As Jollie slowed the speed of the Renault and pulled onto the highway's shoulder, Short "kicked the door open and rolled out of the vehicle." Jollie and defendant "took off down the highway."

Short reported the incident to the authorities and soon thereafter the Renault was stopped at a church parking lot in Alton, Oregon County. Jollie and defendant were told to evacuate the car. When the pair did so, defendant fled the scene on foot and escaped injury from two fired shots. When the Renault was searched "the goody box" was found and later examination revealed it contained marihuana weighing 55.6 grams. Four law officers testified concerning the search of the Renault, the discovery of the "goody box," the retrieval of its spilled contents from the car and the weighing thereof, its transportation to the Missouri Highway Patrol Laboratory for testing and its return to be used as trial evidence.

Defendant and his two brothers, Jollie and Rowdy, testified that on the night in question they went in Rowdy's car to the West Plains garage concerning the Renault. Each stated there had never been a "goody box" in Rowdy's car which had been transferred to the Renault.

Defendant has not challenged the sufficiency of the evidence to support the jury's verdict. Nonetheless, in his first point relied on defendant claims the trial court erred in admitting the marihuana exhibits into evidence (1) because the alleged careless handling of the "goody box" prevented him from obtaining fingerprints therefrom to demonstrate he had not handled the can and (2) because the evidence of the chain of possession of the contents of the "goody box" was insufficient to provide a reason-able assurance that the contents had not been altered or substituted.

██ Even in a circumstantial case, the prosecution is not required to conclusively establish guilt or exclude every hypothesis of innocence. *State v. Brown*, 660 S.W.2d 694, 699[12] (Mo. banc 1983). We do not view the instant case as a case predicated wholly upon circumstantial evidence as state's witness Short directly testified that defendant had, in fact, obtained the "goody box" from brother Rowdy's car and transferred it to the Renault where it was ultimately discovered by the authorities. Also, the record reveals that after the lawmen had been advised of Short's forcible ejectment from the Renault by defendant and Jollie, and had stopped the vehicle, they discovered the "goody box" and its contents in the Renault and observed defendant's flight from the scene. The supposed presence or absence of any designated person's readable fingerprints on the "goody box" would not, per se, absolutely contradict or disprove the testimony of Short and the officers. In any event, defendant's supposition as to what an unadulterated examination of the "goody box" might have demonstrated smacks of the same speculation and conjecture as found in the pronouncement that "If the dog hadn't stopped to scratch, he would have caught the rabbit."

██ Admittedly there were minor contradictions and inconsistencies in the testimony of the officers who searched the Renault as to which particular officer or officers had up-ended the "goody box" or spilled its contents and which particular officer or officers had sacked the spilled marihuana and placed it in evidence bags. Nevertheless, there was ultimate agreement that the "goody box" and its contents were found inside the Renault and that the contents had been put into marked evidence bags which were transported to the laboratory and there declared to contain marihuana. The lesser discordancies noted, supra, did not prevent the remainder of the testimony from being substantial. Such inconsistencies and contradictions

were matters properly left for determination of the jury as fact finder. *State v. Ivy*, 642 S.W.2d 128, 130[1] (Mo.App.1982). The evidence of the chain of possession of the contents of the "goody box" was sufficient assurance, as the jury obviously found, that said contents had not been altered or substituted. Defendant's first point is denied.

■ Defendant's second point relied on claims the trial court erred in failing to instruct on the possession of 35 grams or less of marihuana [§ 195.200.1(1)(a)] because it is a lesser included offense of possessing more than 35 grams thereof as denounced by § 195.200.1(1)(b).

Defendant frankly acknowledges his inability to find any case specifically holding that possession of 35 grams or less of marihuana is a lesser included offense of possessing more than 35 grams of the substance. However, he relies on § 556.046.1 which, in part, provides that a defendant may be convicted of an offense included in the offense charged provided "(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged." However, defendant ignores the second paragraph of the statute which states: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

The Missouri Highway Patrol chemist who examined state's exhibits A & E, consisting of the "goody box" and evidence of the substances removed from the Renault, testified unequivocally and without contradiction that Exhibit B consisted of 55.6 grams of marihuana. When some confusion occurred between the numerical markings of the exhibits, i.e., State's Exhibit 2, and the trial marking of the same exhibit, i.e., State's Exhibit B, the witness, in response to an admonition to "use the letter," replied: "The letter? Okay. State's Exhibit B and State's Exhibit E, I weighed the plant material and it weighs one gram."

Defendant seizes upon and isolates this single answer to argue there was testimony that B & E exhibits had a combined weight of only one ounce whereas there was repeated testimony the marihuana in Exhibit B alone weighed 55.6 grams.

Each involved exhibit, except Exhibit B, contained only traces of marihuana and the contents of some exhibits were so infinitesimal the chemist did not undertake weighing them. It is obvious the witness's correction of the numerical to the alphabetical designation of the exhibits did not constitute a contradiction that Exhibit B did, in fact, weigh more than 35 grams. Even accepting defendant's claim of the possession of 35 grams or less being a lesser included offense of a charge of possessing more than 35 grams, it would have been error for the court to have instructed the jury on a supposed lesser included offense which was not supported, as here, by the evidence. *State v. Story*, 646 S.W.2d 68, 73[7] (Mo. banc 1983). Defendant's second point is denied.

In full, defendant's third and final point reads: "The trial court erred as a matter of law and to the prejudice of the defendant when it overruled defendant's motions in limine to exclude evidence of other alleged crimes arising out of this occurrence because such evidence did not tend to prove a material fact in issue and because it was hearsay in nature, having a dangerous tendency to mislead, prejudice, and inflame the minds of the jury."

■ Any reader acquainted with Rule 30.06(d) will quickly note defendant's noncompliance with the mandatory requirements thereof. In his point defendant does not undertake to advise what the evidence was that pertained to "other alleged crimes arising out of this occurrence." Also, the point does not indicate "wherein and why" the evidence of other crimes does not tend to prove a material fact in issue or "wherein and why" it was hearsay and tended to inflame the jury. Courts considering appeals have no duty to search the transcript or the argument section of a brief to ascertain the possible intendment of points pen-

ned in an abstract and conclusory manner. *State v. Lyell*, 634 S.W.2d 239, 243 (Mo. App.1982); *State v. Holt*, 603 S.W.2d 698, 701[1] (Mo.App.1980). But for the existence of Rule 30.09(a) and our failing to give defendant a second chance to do correctly that which he should have done in the first instance, this point could be denied for failure to comply with Rule 30.06(d). Because of Rule 30.09(a), we shall consider the point on its merits, if any.

In the argument section of defendant's brief concerning this point, he asserts Brent Short's testimony anent defendant's use of a gun to force Short from the Renault was improper and not necessary to prove defendant's possession of marihuana. Defendant also claims it was error to permit any official participating in the matter to testify concerning the use of a gun because they received such information via a radio dispatch which made it hearsay.

■ Defendant's point, supra, acknowledged the evidence of other crimes arose "out of this occurrence" but argues proof thereof was not necessary to show that defendant possessed the marihuana. Evidence of other crimes is proper when it tends to establish intent, motive, the absence of mistake or accident, a common scheme or plan embracing two or more crimes so related to each other that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime at trial. If evidence of other crimes has a logical tendency to prove a material fact in issue, that evidence should not be excluded because it incidentally proves defendant guilty of other crimes. Moreover, and of especial importance here, where the circumstances are such as to constitute a continuous transaction in the accomplishment of a common design so that proof of one cannot be made without showing the entire facts, the entire facts are admissible as they are regarded as being part of the res gestae. When such circumstances exist, the prosecution is not compelled to nicely sift and separate the evidence. *State v. Hindman*, 543 S.W.2d 278, 287[24, 25] (Mo.App.1976).

■ How could the officers have possessed good and lawful reason to stop the Renault safely and take charge of its contents and occupants if they had not been made aware that defendant and Jollie had taken at least questionable possession of the vehicle via defendant forcibly ejecting Short from the car at gunpoint? To say that Short's recountings of defendant's conduct in possessing a weapon and forcing his ejectment from the Renault at gunpoint was not a part of the continuous transaction of defendant assuring himself, inter alia, of sole and safe possession of the marihuana is, in our opinion, far from plausible. As to defendant's claim it was error for the officers to testify concerning the radio dispatch that defendant was armed because it was hearsay, we observe that such evidence had already been received into evidence by the prior testimony of Short on the witness stand. When Short was a witness and subject to cross-examination, the rationale of the hearsay rule as it relates the officers' testimony does not apply when their declarations were merely repetitious of what was already in evidence. However, even if such repetitive testimony be considered hearsay, it was nonprejudicial. *State v. Thomas*, 664 S.W.2d 56, 59 (Mo.App.1984), and cases there cited. Defendant's final point is denied and his request for oral argument is also denied.

Judgment affirmed.

CROW, P.J., PREWITT, C.J., and FLANIGAN and MAUS, JJ., concur.