STATE of Missouri, Plaintiff–Respondent,

v.

James L. GOTT, Defendant–Appellant.

No. 16334.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 14, 1990.

Sharon K. Ayers, Asst. Public Defender, Poplar Bluff, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

By two-count information filed in the Circuit Court of Stoddard County, defendant James Gott was charged with first-degree robbery in violation of § 569.020.1(3), RSMo 1986.[1] The defendant was found to be a prior offender within the meaning of § 558.016.2. His punishment was fixed at imprisonment for a term of 13 years for first-degree robbery and 13 years for armed criminal action. It was ordered that the sentences be served concurrently. The defendant appeals. We affirm.

The defendant has briefed two assignments of error. His first point is that the evidence is not sufficient to sustain the judgments of conviction. His second point is that the trial court erred in admitting the testimony of Gary Starnes, who identified the defendant as perpetrator of the crimes charged.

In assessing the sufficiency of the evidence to support the verdicts, we must accept as true all evidence and inferences which tend to support the verdict and disregard all evidence and inferences to the contrary. The question is whether the evidence, viewed in a light most favorable to the State, is sufficient to support the verdict. *State v. Brown,* 660 S.W.2d 694, 698–99 (Mo. banc 1983); *State v. Story,* 646 S.W.2d 68, 72 (Mo. banc 1983).

■ As a threshold observation, we should point out that the sufficiency issue, raised here as point two, has not been properly developed in the "argument" part of the defendant's brief. Seven and one-half typewritten lines are devoted to developing the assignment that "the trial court erred in failing to grant appellant's motion for acquittal at the close of the State's evidence and ... at the close of all [the] evidence because the State presented insufficient evidence to sustain [judgments] of conviction...." When an assignment of error stated as a "point relied on" is not

carried forward in the "argument" part of the brief, that assignment of error is ordinarily deemed abandoned. *State v. Heitman,* 473 S.W.2d 722, 727–28 (Mo.1971); *State v. Sanders,* 619 S.W.2d 344, 349 (Mo. App.1981). However, this is the defendant's appeal of constitutional right, *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the State was required to adduce evidence from which any rational trier of fact could find the defendant guilty beyond a reasonable doubt, *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and we shall consider the sufficiency of the evidence sua sponte.

■ Shortly before 9 a.m. on September 13, 1988, Mrs. Barbara Crawford picked up her son Billy at his place of employment in Dexter, Missouri. Mrs. Crawford was driving an automobile which she and her husband owned. Billy was tired because he had "been up all night working."

Mrs. Crawford drove her vehicle to Shipman's Market on Stoddard Street. She then parked her car and went to make a telephone call. Billy had fallen asleep in the front seat of the automobile. Shortly, Billy heard someone say, " 'Get out of the car.' " Billy thought he was having a nightmare and momentarily "dozed off back to sleep." The defendant repeated, " 'You'd better get out of the car.' " Fully awakened, Billy "seen a knife and someone sitting in the driver's seat." He then "looked straight at [the defendant] ... and just opened the door and proceeded to get out of the car." Billy was familiar with knives and recognized the defendant's knife as a Buck knife, specifically a Buck 110. This knife is a utility knife with a 4-inch blade which locks when the knife is opened.

The defendant then "started up the car and took off at [high] speed." Billy "run after him," got a ride to the Conoco station and "called the police." On cross-examination, Billy stated positively that he got a good look at both the defendant and the knife. The automobile was abandoned a

---

1. References to statutes and rules are to RSMo 1986 and Missouri Rules of Court (20th ed. 1989), except where otherwise specifically noted.

short time after it was taken. The defendant was apprehended and this prosecution followed.

In general, a person is guilty of first-degree robbery if, in the course of stealing, he uses or threatens the immediate use of physical force upon another person for the purpose of compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft. *The New Missouri Criminal Code: A Manual for Court Related Personnel* § 14.2, p. 14–3 (1978). Specifically, the elements of first-degree robbery as defined and denounced by § 569.020.1(3) are: (1) the forcible theft of property, by (2) use or threat of the immediate use of a dangerous instrument against any person. *Id.* § 14.2, p. 14–2. In this case the defendant stole an automobile by threatening the immediate use of a buck knife upon the person of Billy Crawford. Although the knife is not before the court, Billy identified a knife similar to that used by the defendant and it was shown to the jury. It is common knowledge that knives can be used as weapons. *State v. Baldwin*, 571 S.W.2d 236, 241–42[9] (Mo. banc 1978); *State v. Lassen*, 679 S.W.2d 363, 367 (Mo.App.1984). Any rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of first-degree robbery.

The elements of the second offense charged, armed criminal action, are: (1) the commission of a felony, other than those defined and denounced by §§ 571.105, 571.-115, 571.120, 571.125 and 571.130, and (2) commission of that felony by, with or through the use, assistance or aid of a dangerous instrument or deadly weapon. *The New Criminal Code: Manual for Court Related Personnel* § 16.2, p. 16–2. Inasmuch as the evidence shows that the defendant committed first-degree robbery and used a dangerous instrument in doing so, the conviction of armed criminal action was warranted. Defendant's ground is therefore without merit.

■ The second assignment of error is no more carefully preserved than the first. The defendant maintains that identification testimony given by one Gary Starnes was inadmissible because it was the product of an impermissibly suggestive identification procedure.

Starnes was the operator of the filling station from which Billy called the Dexter Police. Upon trial, Starnes readily identified the defendant as the driver of Mrs. Crawford's stolen automobile. On cross-examination, counsel asked Starnes if he had spoken to a Dexter police officer after the vehicle was stolen. Starnes said he had, and had told the investigating officer he knew the defendant but couldn't remember his name. The officer showed Starnes a photograph of the defendant and Starnes identified the person in the photograph as the defendant. The defendant argues, on the basis of these facts, that Starnes based his identification on a single photograph and that such an identification procedure was grossly suggestive and improper.

This argument, assuming it has been properly preserved, distorts the record and is wholly devoid of merit. Starnes did not base his identification on the photograph which was shown to him. He knew the defendant; he simply did not know the defendant's name. Starnes testified that the defendant had been "in the station on several occasions." Further, at the time the automobile was stolen, the defendant came within 30 feet of Starnes and Starnes looked directly at him for 5 to 10 seconds. If discussion of the point were necessary, it would become apparent that Starnes' in-court identification was reliable by the standards laid down in *State v. Story*, 646 S.W.2d at 71[1, 2], *State v. Trimble*, 654 S.W.2d 245, 253–54[8] (Mo.App.1983), and other applicable precedents. The inherent and fatal weakness in this argument, however, is that Starnes' testimony was not essential to the State's case. Billy's testimony was sufficient to establish the defendant's criminal agency; the testimony of a single witness is sufficient to establish the identity of a criminal defendant if the jury believes it beyond a reasonable doubt. *State v. Story*, 646 S.W.2d at 72. We do not believe Starnes' testimony was erroneously received, but if it was, there was

other evidence before the court which established the defendant's identity. There was therefore no prejudice to the defendant and no reversible error. See *State v. Zagorski*, 632 S.W.2d 475, 478, n. 2 (Mo. banc 1982).

We find no error in any respect briefed and submitted in this court. Noting that the defendant was fully advised of his right to file a motion for post-conviction relief pursuant to Rule 29.15 and noting further that he has not timely done so, we affirm the judgments of conviction.

FLANIGAN, P.J., and MAUS, J., concur.