STATE of Missouri, Appellant,

v.

Paul J. SCHULER, Respondent.

Paul J. SCHULER, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60587, 60756.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 2, 1992.

Application to Transfer Denied
Oct. 27, 1992.

---

**1.** All statutory references are to the Revised Statutes of Missouri 1986, unless otherwise indicated.

**20**

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for State.

William R. Dorsey, Clayton, for Schuler.

CRIST, Judge.

Defendant was found guilty of assault in the second degree and armed criminal action in a court-tried case. The trial court denied Defendant's motion for new trial on the assault count, but sustained his motion for new trial on the armed criminal action count.

The State appeals the trial court's grant of the motion for new trial on the armed criminal action count. Defendant appeals the conviction and sentence of five years' imprisonment on the assault count. We affirm the conviction and sentence on the assault count, and reverse the order granting Defendant a new trial on the armed criminal action count.

■ We first consider Defendant's appeal of the assault conviction. Defendant contends the evidence was not sufficient to support the conviction. However, the State properly complains that Defendant's point relied on violates Rule 30.06(d) in that it does not allege wherein or why the evidence was insufficient for conviction. Rule 30.06(d); *State v. Childress*, 805 S.W.2d 729, 730[1] (Mo.App.1991).

■ In any event, the evidence favorable to the verdict leaves little question that Defendant caused physical injury to Victim by means of a dangerous instrument. Defendant and Victim were neighbors. During a discussion about their children, Defendant attacked Victim. As they were wrestling on the ground, Victim felt a severe stinging or burning sensation in his left leg. Defendant's hand was in a clenched position over Victim's leg. When Defendant pulled his hand back, Victim noticed his leg was bleeding heavily. There was also a hole more than an inch wide in Victim's jeans. Victim yelled to his wife to call the police, stating: "[Defendant] just stabbed me."

Victim's wife testified that she saw the knife in Defendant's hand. She stated the knife had a blade approximately four inches long. Victim's wife grabbed Defendant's wrist and yelled to her daughter to call the police. The police officer who arrived on the scene noted that Victim had a serious leg injury. Victim was taken to the hospital in an ambulance. The treating doctor observed that Victim had a very deep wound on his leg about four centimeters long. The doctor testified the injury was consistent with the stab wound adduced by a knife or similar instrument. The evidence was certainly sufficient to convict Defendant of second-degree assault. Point denied.

■ The State appeals the trial court's grant of the motion for new trial as to the armed criminal action count. The trial court stated in its order granting new trial: "[T]he issue squarely framed [is] whether the knife in question under this evidence constitutes a dangerous instrument within the meaning of § 571.015." The court expressed this concern because of § 571.010(9), which states:

(a) ... For purposes of this chapter, 'knife' does not include any ordinary pocketknife with no blade any more than four inches in length.

Section 571.010(9) has no application to the armed criminal action statute. *State v. Maynard*, 714 S.W.2d 552, 558[13] (Mo. App.1986). The use of a dangerous instrument or deadly weapon is the key element of § 571.015, the armed criminal action statute. The term "dangerous instrument" is defined in § 556.061(9). This statute states:

(9) ... 'Dangerous instrument' means any instrument, article or substance, which, under the circumstances in which it is used is readily capable of causing death or other serious physical injury.

A knife with a four-inch blade is clearly capable of causing serious physical injury. *See State v. Gott*, 784 S.W.2d 344, 346[2] (Mo.App.1990).

We affirm the order of conviction and sentence on the assault count. We reverse the order granting a new trial on the armed criminal action count, and remand for sentencing in accordance with this opinion.

PUDLOWSKI, P.J., and STEPHAN, J., concur.