STATE of Utah, Plaintiff and Respondent,

v.

Don Leon SOMMERS, Defendant and Appellant.

No. 15066.

Supreme Court of Utah.

Sept. 16, 1977.

A. W. Lauritzen, Logan, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., John T. Nielsen, Deputy Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Based on stipulated facts, defendant was tried and convicted by the court of an attempt to receive stolen property. Defendant appeals therefrom. We affirm the trial court.

The stipulated facts include a transcript of a conversation overheard by means of a "bugging" device between defendant and

an undercover agent by the name of Archuletta. It was stipulated that defendant had been under investigation by the police for some time in regard to his purchase of stolen property. In fact, on prior occasions, Archuletta had sold stolen property to defendant.

A colored television set, owned by Skaggs, Inc., was taken by Archuletta to defendant's place of business. Archuletta represented the television set had been stolen from Skaggs' loading dock the previous day. The conversation was replete with representations that the merchandise was stolen. Defendant purchased it for $40. The conversation further indicated defendant was interested in purchasing stolen meat, tools, appliances, gloves, and clothes. Defendant stated he did not want guns or other items with serial numbers, and he presently did not want any stereos. Subsequently, the police obtained a search warrant, seized the subject television set, and prosecution was thereafter commenced.

■ On appeal, defendant contends that Section 76–4–101(3)(b), U.C.A.1953, as enacted 1973, is void on its face as a violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States. Specifically, this provision under the attempt statute, in the Inchoate Offenses chapter, negates the defense of impossibility, viz:

> (3) No defense to the offense of attempt shall arise: . . . (b) Due to factual or legal impossibility if the offense could have been committed had the attendant circumstances been as the actor believed them to be.

Defendant urges the preclusion of the defense of impossibility under this statute violates the right of fundamental fairness implied in the due process clause.

In *Duncan v. Louisiana*[1] the court stated:

> The test for determining whether a right extended by the Fifth and Sixth Amendments with respect to federal criminal proceedings is also protected against state action by the Fourteenth Amendment has been phrased in a variety of ways in the opinions of this Court. The question has been asked whether a right is among those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions,' [Citations]; whether it is 'basic in our system of jurisprudence,' [Citation]; and whether it is 'a fundamental right, essential to a fair trial,' [Citations]. . .

In footnote 14, the court observed that in the more recent cases, the question has been whether a procedure was necessary to an Anglo-American regime of ordered liberty.

In the A.L.I., Model Penal Code, Tentative Draft No. 10 (1960), under Article 5, Inchoate Crimes, the "impossibility" defense was rejected. Section 76–4–101 adhered to this principle advocated by that Code. In the Introduction to Article 5: Inchoate Crimes, the A.L.I., cited the major functions of the penal law:

> . . . Finally, and quite apart from these considerations of prevention, when the actor's failure to commit the substantive offense, as when the bullet misses in attempted murder or when the expected response to solicitation is withheld, his exculpation on that ground would involve inequality of treatment that would shock the common sense of justice. Such a situation is unthinkable in any mature system, designed to serve the proper goals of penal law. . . .[2]

■ Thus to exculpate defendant solely on the ground the television set he purchased was not, in fact, stolen property would shock the common sense of justice. The defense of impossibility is not a fundamental right essential to an Anglo-American regime of ordered liberty. The express abolition of such a defense advances the fundamental principles of liberty and justice which support all of our civil and political institutions.

---

1. 391 U.S. 145, 148–149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968).

2. At p. 25, A.L.I., Model Penal Code, Tentative Draft No. 10 (1960).

Defendant's assertion that he was convicted of the crime of conjuring up malevolent thoughts is without merit. His conviction was predicated on proof of his criminal purpose implemented by an overt act strongly corroborative of such purpose.

He further contends the trial court erred in its ruling that an entrapment had not occurred. He asserts that he was entrapped as a matter of law by the active governmental participation in consummating the crime.

Section 76–2–303(1), U.C.A.1953, as enacted 1973, provides that conduct merely affording a person an opportunity to commit an offense does not constitute an entrapment.

██ The conduct of undercover agent, Archuletta, merely gave defendant an opportunity to commit the offense. There are no facts of record indicating the police used methods creating a substantial risk the offense would be committed by one not otherwise ready to commit it.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.