**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Carl HUNT, Defendant-Appellant.**

**No. 45244.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 5, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Charles H. Billings, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

The central issue on this appeal is one of first impression: whether the defendant can be convicted of attempting to receive stolen property over $150.00 in value in violation of § 564.011, RSMo 1978, despite the fact that the property in question had never been stolen. We hold that factual impossibility does not preclude a conviction for attempt to receive stolen property under § 564.011, RSMo 1978. We accordingly affirm the decision of the trial court.

The facts are as follows:

On October 29, 1980, members of the St. Louis Metropolitan Police Department purchased various television sets from a wholesale distributing company in St. Louis, Missouri. On November 20, 1980, Police Officer Michael Hampton obtained a 10 inch television from the police department stock property that had been purchased on October 29, 1980. Thereafter, Officer Hampton went to defendant's place of employment wearing a concealed tape recorder. He proceeded to show defendant the television and told him that the set was stolen. After negotiations concerning the price, defendant gave Officer Hampton $70.00 for the set.

On November 26, 1980, Officer Hampton obtained a 19 inch television set from the police department stock property. Again, Officer Hampton took this set to defendant's place of business and informed defendant that he had "ripped it off at this factory" and that the television would cost $125.00. Officer Hampton was paid the $125.00 by defendant's employee, Conrad Levi. Shortly thereafter, on November 26, 1980, a search warrant was executed at defendant's place of employment and the 19 inch television was recovered.

Defendant was originally charged by indictment with four counts of receiving stolen property. Defendant moved to dismiss the indictment on the grounds that the property was not in fact stolen. The state filed substituted informations in lieu of the indictment, charging defendant with two counts of attempting to receive stolen property. Subsequently, the state amended this information charging defendant as a prior and persistent offender. Defendant filed motions to dismiss each of the informations which were overruled. Defendant was found guilty by a jury and appeals.

Section 564.011, RSMo 1978 provides in relevant part:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

2. It is no defense to a prosecution under this section that the offense attempted was, under the actual attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the actor believed them to be.

\* \* \* \* \* \*

 Subsection 2 of this enactment reveals legislative intent to eliminate the "le-

gal impossibility" defense. Defendant cites *Young v. Superior Court,* 253 Cal.App.2d 848, 61 Cal.Rptr. 355 (1967), for the proposition that no prosecution for attempt to receive stolen property could lie when the property was not stolen. However, *Young* was expressly overruled in *People v. Wright,* 105 Cal.App.3d 329, 164 Cal.Rptr. 207 (1980).

[A] defendant is guilty of an attempt where he has the specific intent to commit the substantive offense and, under the circumstances he reasonably sees them, does the acts necessary to consummate the substantive offense; however, because of circumstances unknown to him there is an absence of one or more of the essential elements of the substantive crime.

*Wright,* 164 Cal.Rptr. at 209. Under this rule, defendant cannot be exonerated because facts unknown to him made it impossible to succeed. If the condition of the televisions had been as defendant supposed, the crime would have been completed. "[A] person who with the requisite criminal intent traffics in property represented to him as stolen, is engaging in criminal-type conduct, in no sense innocent in nature, which society should have a right to punish under its criminal law." *State v. Rios,* 409 So.2d 241, 244 (Fla.Dist.Ct.App.1982). In eliminating impossibility as a defense, Missouri joins the vast majority of states which have rejected such a defense.[1]

 An adjunct contention of the defendant is that the title of the § 570.080 RSMo 1978, ("Receiving Stolen Property") is to be considered when construing § 564.011 ("Attempt") because the use of the word "stolen" mandates that the property must be stolen. Defendant claims that we must abide by the rules construing legislative intent. The rule of construction is that significance must be attached to every word in a statute, and every part thereof must be given effect rather than making some words idle and nugatory; that where a statute expressly mentions one limitation it excludes all others. *Bauer v. Rutter,* 256

---

1. See appendix to *State v. Rios,* 409 So.2d 241, 244–5.

S.W.2d 294, 296 (Mo.App.1953). This contention is without merit. These maxims, which are mere auxiliary rules of construction in aid of the fundamental objective of ascertaining the intention of the lawmakers, are not to be permitted to defeat the plainly indicated purpose of the legislature. *Springfield City Water Co. v. City of Springfield,* 355 Mo. 445, 182 S.W.2d 613, 616 (Mo.App.1944). The express intent of the legislature is patently evident by paragraph (2) of § 564.011 (1978) in that it abolished the impossibility defense. The object of the legislature in cases such as this is that the property need not be stolen. The result is both sensible and fair.

■ Defendant next contends that the provisions of § 564.011 violate his constitutional rights under the 5th and 14th amendments. Defendant fails to cite authority in support of this proposition. Contrary to defendant's argument is *State v. Sommers,* 569 P.2d 1110 (Utah 1977). In this decision, the Utah Supreme Court held, "[t]he defense of impossibility is *not a fundamental right* essential to an Anglo-American regime of ordered liberty. The express abolition of such a defense advances the fundamental principles of liberty and justice which support all of our civil and political institutions." *Sommers* at 1111. We agree with *Sommers.*

In his second point defendant alleges trial court error in submitting a non-MAI–CR 2d instruction to the jury that tracks the language of § 564.011 RSMo 1979. Appellant draws our attention to the Notes on Use, MAI–CR 2d, Volume I pg. VIII(e) which reads, "giving or failing to give an instruction on verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined."

■ The Notes on Use, MAI–CR 2d, Volume I pg. VIII(c) state, "MAI–CR excludes use of other forms. Whenever there is a MAI–CR instruction, or a verdict applicable under the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject." Thus, the issue at bar is whether any MAI–CR 2d instruction was applicable, thus negating the necessity of a modified instruction.

Before submitting the modified instruction, the trial court stated to counsel:

... the court feels that such an instruction is mandated by certain facts and circumstances of this case, and that the confusion likely to result in the minds of the jurors from mandated use of language in other instructions concerning the offense of Receiving Stolen Property, or the attempt to commit such an offense could lead the jurors to believe that this offense could not be committed nor that an attempt to commit such an offense could be committed if in fact the property were not stolen.

We agree with the trial court. MAI–CR 2d 33.01 which defines attempt does not contain language instructing the jury of the elimination of the impossibility defense. The instruction is entirely inadequate to properly instruct the jury as to the law and facts of this case. By submitting Instruction No. 13,[2] the trial court apprised the jury of the entire applicable law which in the instant case denied appellant the defense of factual or legal impossibility. The trial judge was extremely careful in submitting an instruction which tracked the language of § 564.011. This instruction meets all the requirements of the Notes on Use, MAI–CR, Volume I pg. VIII(d) which requires the modified form to be simple, brief, impartial and free from argument. We deny defendant's claim that the instruction constituted prejudicial error.

2. Instruction No. 13 read as follows:

1. A person is guilty of an attempt to commit an offense when, with the purpose of committing the offense, he does any act which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

2. It is no defense to a prosecution of an attempt to commit an offense that the offense attempted was under the actual attendant circumstances factually or legally impossible of commission if such offense could have been committed had the attendant circumstances been as the actor believed them to be.

■ Defendant raises three additional points of error. The first point alleges trial court error in refusing defendant's proposed instructions. Defendant failed, however, to include this point in his motion for a new trial. He therefore seeks review under the plain error doctrine. Rule 84.13(c). Our examination of the record convinces us that no manifest injustice or miscarriage of justice resulted from the alleged error. *Id.* This point is denied.

■ Defendant's next claim alleges that the trial court erroneously admitted a tape recording of defendant's "crime" into evidence. Prior to trial, defendant filed a motion to suppress the tape on the grounds that it was inaudible to such an extent as to render the recording as a whole untrustworthy. Addressing the motion, the trial court responded:

> ... the court was able to hear and clearly understand the negotiations that took place with regard to the sale and purchase of the 10 inch television set for $70. That is the very gist of the offense charged in Count I. The fact that other portions of the tape are either inaudible or indecipherable does not render the entire tape recording untrustworthy ....

The trial judge was correct in his assertion of law. The fact that portions of a recording are unintelligible is no basis for excluding the intelligible part. *In re L——,* 499 S.W.2d 490 (Mo. banc 1973); *State v. Spica,* 389 S.W.2d 35, 48 (Mo.1965); *Monroe v. United States,* 234 F.2d 49, 54–55 (D.C.Cir.1956) cert. den. 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956). We have reviewed the tape recording. Although there are unintelligible portions of the tape, we do not believe that fact alone could require excluding the intelligible portions of the tape. The trial judge did not abuse his discretion in admitting the tape. Defendant's claim of error is denied.

■ Defendant's final point alleges trial court error in admitting into evidence a receipt offered by the state to prove the value of the television sets. As a result of extraneous writings on the bottom of the receipt, the jury was not permitted to view the document. Nevertheless, defendant contends prejudicial error resulted because the document lacked foundation, was in violation of the hearsay rule, and was not shown to be within the business record exception. We disagree.

The admittance of the receipt into evidence without the jury viewing it, could at most, be harmless error. Police Sergeant Earl Rhodus previously testified at trial that he personally purchased the ten and nineteen inch televisions and paid $250.00 and $307.89 respectively. No objection was made to Officer Rhodus testifying as to the amount paid. This testimony was sufficient to establish the value of the television sets. *State v. Lewis,* 625 S.W.2d 684, 686 (Mo.App.1981); *State v. Napper,* 381 S.W.2d 789, 791 (Mo.1964). As a result of this competent evidence of value, defendant could not have been harmed by the admittance of the receipt.

Judgment affirmed.

SMITH and KELLY, JJ., concur.