STATE of Missouri, Respondent,

v.

Charles ROGERS, Appellant.

No. 46013.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 6, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 26, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Charles Shaw, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant was convicted of receipt of stolen property and sentenced to imprisonment for three years. We affirm.

Defendant was seen driving a red and maroon pickup truck by a State Highway Patrol officer on February 24, 1982 in Butler County. The vehicle displayed a license plate known by the officer to belong to another person. The defendant was stopped and the officer noted a pollution sticker which had apparently been altered attached to the truck. The title displayed by defendant was from Louisiana and was apparently signed by the owner. Defendant was arrested and charged with improper plates and failing to register the vehicle. Defendant was ordered to follow the officer to patrol headquarters where the vehicle was impounded. The pickup had a red and maroon cab mounted on a three-quarter ton frame.

In the early morning of February 22, 1982, a red and maroon Chevrolet half-ton pickup truck was stolen from the residence of Luther Cory in St. Louis. Cory was contacted by the local F.B.I. agent for Butler County by telephone. In that conversation he detailed certain identifying characteristics of his stolen truck. Shortly thereafter, he went to Butler County and detailed certain additional identifying characteristics. These various characteristics were of a minor nature such as scratches from a bush on the front fender, white paint showing through near the gas cap, and a small dent on the rear of the truck. All of the characteristics described by Cory appeared on the impounded vehicle at the places described by Cory except for a crack in the windshield. Cory testified that the frame, the motor, the suspension system, and the tires were not from his truck. There was evidence that the transmission was not either. From the evidence the fact-finder could also conclude that vehicle identification number plates found attached to the truck cab were not those originally issued with the truck. The VIN in the cab and on the frame did not match those on the engine.

Evidence was adduced that defendant purchased a wrecked pickup truck from a local salvage dealer in early or mid-February, 1982. The dealer had acquired the truck from Lorriane, Louisiana. It was a three-quarter ton brown or gold Chevrolet. There was evidence in defendant's case that several days before February 19 a local body repair shop welded together two sec-

tions of a three-quarter ton pickup frame for defendant. The repairman further testified that defendant then brought the frame with a red truck body attached back on February 19 for some minor adjustments and that that vehicle remained locked up in his repair shop until Monday, February 23. On rebuttal the state offered evidence that in an earlier statement the repairman had stated that the vehicle was brought in on February 23 for the minor adjustments. On the evening of February 23 defendant took the vehicle to Malden for an auto auction but was unable to get his price and did not sell the vehicle. He had planned to offer the vehicle for sale on the evening of February 24 at the Poplar Bluff auto auction.

Defendant's evidence was that the vehicle he was driving when arrested was the one he purchased from the salvage dealer which he had fixed up for sale.

■ Defendant's first point is that the seizure of the vehicle and the title was illegal. The matter has not been preserved for review. The reference to this matter in defendant's motion for new trial dealt only with denial of the motion to suppress the truck and title and no objection was made during trial. The truck was not offered into evidence, only photographs of it. No objection was made to those photographs. The title was offered into evidence by defendant. It is abundantly clear in this state that objections to evidence claimed to have been illegally seized are not preserved simply by a motion to suppress. Objection must also be made when the evidence is offered and in the motion for new trial. *State v. Bryson,* 506 S.W.2d 358 (Mo.1974) [2]. That is particularly true here where the item sought to be suppressed was not what was offered into evidence.

■ Defendant next contends that the evidence was insufficient to support his conviction for receipt of stolen property. This contention is based on two premises—(1) that the vehicle in defendant's possession was not stolen and (2) that the evidence was insufficient to establish the necessary mental state required by the statute. That

mental state is that he knew the vehicle was stolen or believed it was stolen. Sec. 570.080 RSMo 1978.

■ The evidence was clearly sufficient to establish that a portion of the vehicle in question was stolen from Mr. Cory. His detailed descriptions of imperfections in the vehicle and the presence of identical imperfections in the truck defendant was driving were sufficient to establish the identity of the vehicle. There was additional evidence to support that conclusion in the changing of the VIN plates, the failure of the motor number to match the frame number, and the absence of identification on the transmission. Cory also positively identified the truck cab as his and stated that the frame was not his.

■ There was also sufficient evidence of defendant's mental state. He was found in the possession of property two days after the property was stolen. His evidence was that it was not stolen. If the jury rejected that evidence, as it could, then the possession was unexplained. Unexplained possession of recently stolen property is a circumstance which a jury may consider with other facts and circumstances in determining defendant's mental state. *State v. Sours,* 633 S.W.2d 255 (Mo.App.1982) [3]; *State v. McCoy,* 647 S.W.2d 862 (Mo.App.1983) [7, 8]. In addition the vehicle had improper plates, the various serial numbers thereon did not match, the vehicle had been substantially rebuilt in a two-day period of time, the pollution sticker had been altered, and defendant had tried and was going again to try to dispose of the vehicle. These are all circumstances pointing to defendant's knowledge or belief that the vehicle was stolen. *State v. Hayes,* 597 S.W.2d 242 (Mo.App.1980). Direct evidence of defendant's knowledge or belief is not required. Knowledge or belief may be inferred from facts and circumstances. *State v. Hayes, supra,* [6, 7]. The evidence was sufficient to sustain the conviction.

We have reviewed defendant's additional two points and find no error. Discussion of

those points would serve no jurisprudential purpose. Rule 30.25(b).

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.