STATE of Utah, Plaintiff and
Respondent,

v.

Marvin Arthur POWELL, Defendant
and Appellant.

No. 19068.

Supreme Court of Utah.

Oct. 20, 1983.

H. Ralph Klemm, Salt Lake City, for
defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake
City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted of attempted
theft by receiving[1] two horses which
proved not to have been stolen, but which
were employed in what has come to be
known as a "sting" operation. The defend-
ant urges on appeal that the offense could
not be committed unless the subject proper-
ty was shown to have in fact been stolen.

U.C.A., 1953, § 76–4–101 provides, in
part, as follows:

(3) No defense to the offense of attempt
shall arise:

(a) ...

(b) Due to factual or legal impossibility if
the offense could have been committed
had the attendant circumstances been as
the actor believed them to be.

To be guilty of attempted theft by
receiving, the attendant circumstances need
only be as the actor believed them to be.
In *State v. Sommers,* Utah, 569 P.2d 1110
(1977), we made it clear that the actual
theft of the property is not an essential
element of the offense of attempted theft
by receiving. The opinion negated "impos-
sibility" as a defense as stated as follows:

Thus to exculpate defendant solely on
the ground the television set he pur-
chased was not, in fact, stolen property
would shock the common sense of justice.
The defense of impossibility is not a fun-
damental right .... His [defendant's]
conviction was predicated on proof of his
criminal purpose implemented by an
overt act strongly corroborative of such
purpose.[2]

The *Sommers* holding is controlling. The
verdict and judgment in the instant case
are affirmed.

STEWART, J., concurs in the result.

---

1. In violation of U.C.A., 1953, §§ 76–6–408 and
76–4–101.

2. For a sampling of comparable rulings by sis-
ter states, *see State v. Davidson,* 20 Wash.App.
893, 584 P.2d 401 (1978); *Darr v. People,* 193
Colo. 445, 568 P.2d 32 (1977); *Darnell v. State,*
92 Nev. 680, 558 P.2d 624 (1976); and *People v.
Rojas,* 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d
921 (1961).