THE STATE OF OHIO, APPELLANT, *v.* COLLINS ET AL., APPELLEES.

(No. L-87-319—Decided
August 12, 1988.)

*Anthony G. Pizza,* prosecuting attorney, and *James Bates,* for appellant.

*Jerome Phillips,* for appellee Collins.

*Fritz Byers,* for appellee Sobb.

*Per Curiam.* This cause is before this court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein that court dismissed counts Nos. 2, 4, 6 and 7 of an indictment.[1] These counts charged the defendants, separately, with attempted receiving stolen property in violation of R.C. 2913.51 and 2923.02.

On June 16, 1987, appellees were indicted by a Lucas County Grand Jury. Counsel for appellees filed a motion to dismiss counts Nos. 2, 4, 6 and 7 of the indictment on the ground that these counts failed to charge appellees with violations of R.C. 2913.51 or 2923.02. Solely for the court's consideration of the motion to dismiss, the parties entered into an "Agreed Statement of Facts." This stipulation stated that the property involved in the offenses alleged in the four counts above was not stolen, and further, that none of it was obtained through the commission of a theft offense. However, there is no argument that appellees did in fact believe or had reason to believe that the various items were stolen or obtained in the commission of a theft offense.

It is from the judgment entry dated August 31, 1987, dismissing the aforementioned counts alleging attempted receiving stolen property that

[1] The defendants herein remain under indictment for felony charges of receiving stolen property.

the state of Ohio has filed a timely appeal, asserting the following as its sole assignment of error:

"The trial court erred in the granting of the motion to dismiss for the crime of attempted receiving stolen property is an offense in Ohio."

The argument that the state sets forth is twofold. First, that the lower court failed to recognize attempted receiving stolen property as an offense. Second, that the trial court erred in its interpretation of R.C. 2923.02, the Ohio attempt statute. Conversely, appellees contend the question presented is really whether R.C. 2923.02 permits the prosecution of an individual for attempted receiving stolen property when the property in question was, in fact, not stolen.

However, the issue before this court in the case *sub judice* is actually whether R.C. 2923.02(B) abrogates the common-law defense of legal impossibility. Appellees argue, and the trial court so held, that the Ohio legislature did not eliminate the defense of legal impossibility in enacting R.C. 2923.02 (B). A review of the language of the statute and the legislative intent is therefore necessary.

R.C. 2923.02 provides, in pertinent part:

"(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense.

"(B) It is no defense to a charge under this section that, in retrospect, commission of the offense which was the object of the attempt was impossible under the circumstances."

It is the state's position that this section of the Ohio Revised Code has eliminated legal impossibility as a defense. In support, the state cites a number of decisions from other

jurisdictions and the Model Penal Code, all of which have rejected legal impossibility as a defense to an attempt. In *Darr* v. *People* (1977), 193 Colo. 445, 568 P. 2d 32, the Supreme Court of Colorado ruled that neither factual nor legal impossibility was a defense under the controlling statute in that state. However, Colorado's attempt statute is clear and unambiguous as to the legislature's intention to eliminate both as a possible defense. See Colo. R.S. 18-2-101(1) (1986). A similar situation was presented to the Missouri Court of Appeals in *State* v. *Hunt* (Mo. App. 1983), 651 S.W. 2d 587. In that case, the court ruled that "Missouri joins the vast majority of states whch have rejected * * * [legal impossibility as] a defense." *Hunt, supra*, at 589. Yet again, the Missouri attempt statute is express in its abrogation of both factual and legal impossibility. See Vernon's Ann. Mo. Stat. 564.011 (1979). For this reason, these cases are distinguishable from the case *sub judice*.

The Ohio attempt statute, R.C. 2923.02, set forth above, does not expressly eliminate legal impossibility as a defense. We therefore must look to the legislative intent to discern whether or not legal impossibility may be claimed as a valid defense. The Committee Comment to R.C. 2923.02 in H.B. 511 states, in pertinent part:

"In order to prove an attempt to commit an offense, it must be shown that particular conduct directed toward commission of the offense took place and that such conduct, if successful, would constitute or result in the offense. The fact that hindsight shows that it would have been impossibile to commit the offense under the circumstances is no defense. Thus, if the gun has a broken firing pin and misfires, this is no defense to a charge of attempted murder."

The trial court determined that the above comment read in conjunction with R.C. 2923.02 leaves no doubt that the legislature eliminated factual impossibility as a defense. This court agrees. On the very face of the statute, R.C. 2923.02(B) rejects the defense of factual impossibility. Further evidence of this conclusion is shown by reference to the classic textbook example of factual impossibility given within the comment.

It is important to note, however, that nowhere in this statute or the comment is any reference to legal impossibility. This court is fully cognizant of the modern trend promulgated by the Model Penal Code towards abrogating legal impossibility as a defense. Model Penal Code Section 5.01 soundly rejected and eliminated this defense when it was drafted in 1962. Shortly thereafter, various state legislatures began to adopt this view. Therefore, the Ohio legislature can be presumed to have been aware of such changing trends in the law when it recodified the attempt statute in 1974. Yet, the legislature did not adopt clear language similar to the Model Penal Code, as other states had already done. Instead, our state legislature has remained silent on the defense of legal impossibility while rejecting factual impossibility.

It may well be that the state of Ohio should join the majority of states that have renounced legal impossibility as a defense. However, this is a decision for the legislature to make, and it not within the purview of this court. The Ohio legislature had an opportunity to provide for a clear expression by statute and comment of its intention to abrogate this defense. It did not do so, and thus, this court is constrained to hold that legal impossibility remains a viable defense in Ohio.

Based on the above, the trial court was correct in dismissing counts Nos. 2, 4, 6 and 7 for failing to charge

crimes under R.C. 2913.51 and 2923.02. Accordingly, appellant's assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

ALICE ROBIE RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.