**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Mark C. HUBBARD,
Defendant–Appellant.**

No. 15377.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 24, 1988.

L.R. Magee, Kansas City, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant committed the offense of receiving stolen property on or about November 28, 1986, by retaining parts of a stolen truck. § 570.080. The jury assessed his punishment at imprisonment for three years and a fine to be determined by the court. The court sentenced the defendant to imprisonment for three years, but suspended execution of that sentence and placed the defendant on probation for five years. The court did not respond to that portion of the verdict referring to a fine. The defendant states four points on appeal.

The following is a summary of the basic evidence. In May, 1986, a 1981 red GMC pickup was stolen from a car lot in Grandview. In November, 1986, a deputy sheriff of St. Clair County executed a warrant to search the Bob Richardson farm for drugs and paraphernalia. The warrant was not related to the subject charge against the defendant. During the search, the deputy saw there were on the farm such items as several used cars, salvage cars, antique cars, welding equipment and farm machinery. The deputy thought the cars had been left on the farm by Richardson's father-in-law, who had been a collector. The deputy particularly noticed parts of a dismantled pickup truck. By radio, he checked the identification numbers on the frame and motor of that truck. He then talked with Richardson about those parts and the results of the check. Richardson told the deputy those parts belonged to the defendant. Thereafter, the deputy called the defendant and asked him to bring his pickup truck to the sheriff's office. The defendant did so. It was determined the defendant's pickup truck was a "reconstituted" 1979 Chevrolet pickup truck. Certain parts of a GMC pickup truck are interchangeable with a Chevrolet pickup truck. The defendant's reconstituted pickup truck incorporated the bed and tailgate, the front fenders, hood, steering wheel and rear bumper from the stolen GMC pickup truck.

The defendant did not testify. In a statement given to the sheriff, defendant said that on September 18, 1986, he bought the parts from Richardson for $1,000. On or about September 23 or 24, 1986, he went to Richardson's farm to get the parts. Richardson helped load the parts. He had not seen Richardson since that time. In September, 1986, witnesses saw a red pickup cab, two V-8 motors and a chassis on a remote farm that had been rented by the defendant.

The testimony of Robert Richardson included the following. He worked on cars, cut timber and farmed. He acknowledged that he had a lot of car parts on his farm, but said they were not for sale. He had been acquainted with the defendant for some time. But, he did not sell any automobile parts to the defendant. He never helped the defendant load any automobile parts. In August, 1986, the defendant brought a Chevrolet engine and front-wheel-drive axle to the Richardson farm and left them. In September, when Richardson was not there, the defendant brought a trailer load of "stuff" to the farm and left it. This included a motor vehicle frame and a cab from a GMC truck. When the officers came to his farm with a search warrant, he understood they were looking for marijuana. At that time he told the officer the identified stolen motor vehicle parts belonged to the defendant. He said the defendant drove a 1979 Chevro-

let pickup. Before it was altered, the pickup was brown metallic. Sometime in August, the defendant altered the truck. He changed the "front clip" and the bed. The defendant made those changes at the house of Larry Yoss.

The defendant's first point is that the evidence was insufficient to establish that he knew the motor vehicle parts had been stolen. He adds "there was no evidence establishing that the defendant had done anything other than purchase the alleged stolen parts at a fair price." In reference to this point, it is appropriate to observe the verdict directing instruction patterned upon MAI–CR 3d 324.10 submitted the mental state "knew" rather than "believed" or "knew or believed."

The defendant argues "[n]othing in the evidence indicates suspicious conduct, deceptive behavior or anything to indicate other than a bona fide right to possession by the defendant." He emphasizes the fact he did not attempt to conceal his pickup truck. His argument and his statement of his first point belie the defendant's position. That position is founded upon viewing the evidence favorably to the defendant.

The defendant has been found guilty by a jury. "In assessing the sufficiency of the evidence, therefore, we must accept as true all evidence and inferences that tend to support the verdict and disregard all evidence and inferences to the contrary." *State v. Story*, 646 S.W.2d 68, 72 (Mo. banc 1983). The precepts by which the sufficiency of the evidence of guilty knowledge is to be measured also include the following: "Direct evidence of defendant's knowledge or belief is not required. Knowledge or belief may be inferred from facts and circumstances." *State v. Rogers*, 660 S.W.2d 230, 232 (Mo.App.1983).

Aside from the rule that unexplained possession of recently stolen property can give rise to a presumption the possessor is the thief ..., and recognizing this presumption could not be drawn that the possessor of stolen goods received the property from another in a prosecution under the former receiving statute ..., and, without deciding whether or not the present statute permits such a presumption in a one-party transaction, the possession of recently stolen property is, nevertheless, a circumstance that the jury is entitled to consider, together with other facts and circumstances in the case.

*State v. Sours*, 633 S.W.2d 255, 258 (Mo. App.1982) (citations omitted). Further, not every statement of a defendant concerning his possession of stolen property is to be considered as an explanation. "If the jury rejected that evidence, as it could, then the possession was unexplained." *State v. Rogers*, supra, at 232. Moreover, a false statement given in explanation of a defendant's possession of stolen property is a factor inconsistent with his innocence and may be considered in determining that he had guilty knowledge. *State v. Taylor*, 691 S.W.2d 379 (Mo.App.1985). It has been summarized: "Thus, suspicious conduct, deceptive behavior, and false statements to officers can give rise to an inference of guilty knowledge by a defendant." *State v. Hayes*, 597 S.W.2d 242, 248 (Mo.App. 1980). Also see *State v. Applewhite*, 682 S.W.2d 185 (Mo.App.1984); *State v. McCoy*, 647 S.W.2d 862 (Mo.App.1983).

When the evidence in this case is viewed as required by *Story*, among other things it establishes the following circumstances. The defendant gave a false explanation of how he acquired the stolen motor vehicle parts. It could be regarded as significant the stolen dismantled parts were not damaged and were apparently not from a wrecked or salvaged vehicle. See *State v. Bauers*, 702 S.W.2d 896 (Mo.App.1985). In August, 1986, working at the house of one Larry Yoss, the defendant used the stolen parts to alter his 1979 Chevrolet pickup. In September, 1986, he had on his rented farm the red cab of a dismantled truck locked up in the garage. There were also two V–8 motors and a chassis on that farm. Also in September, 1986, he took parts of the stolen GMC pickup truck, not used in altering his Chevrolet pickup truck, to the Richardson farm. It is a reasonable inference he did so for the purpose of con-

cealing them. In short, the defendant's possession of recently stolen property, his false statement, and his other conduct in respect to the stolen parts provided sufficient evidence for the jury to find he had the requisite guilty knowledge. *State v. Wells*, 752 S.W.2d 396 (Mo.App.1988): *State v. Hayes*, supra. The defendant's first point is denied.

■ The defendant's next two points are based upon the premise the evidence was insufficient to establish the stolen parts in question had a value in excess of $150 on November 28, 1986. His second point is that for this reason the trial court erred in not directing a verdict in his favor. His third point is that the trial court erred in submitting paragraph Fifth of MAI–CR 3d 324.10. As noted, in his statement given to the deputy sheriff, the defendant said he purchased the stolen parts in September, 1986 for $1,000. His first point states that they were purchased at a fair value. In view of this concession it is doubtful if these two points are entitled to further consideration. *State v. Bowling*, 734 S.W. 2d 565 (Mo.App.1987).

■ However, the record demonstrates the trial court did not err in either respect. Over the defendant's objection, the owner of the stolen pickup truck testified to the value of each of the stolen parts in May, 1986. The aggregate of these values was $1,455.

The defendant's attack on the sufficiency of this evidence is multifarious. He indirectly contends the owner was not an expert and was not qualified to testify to the value of the pickup truck.

"[A]t least, as to common classes of personal property, 'the law seems to be that an owner of property, without further qualifications, may testify to its reasonable market value, and the jury determines the weight and value of such testimony.' *Baird v. Ellsworth Realty Co.*, Mo.App., 265 S.W.2d 770, 774...."

*State v. Brewer*, 286 S.W.2d 782, 783 (Mo. 1956). This argument has no merit.

He also argues the owner was not qualified to testify concerning the value of the

parts as distinguished from the motor vehicle.

We agree with these other circuits that such testimony is admissible, and we hold that the District Court ruled correctly in allowing the owner to testify as to the value of the stolen truck parts. Moreover, we believe that this testimony was sufficient without more to support a jury finding that the parts had a value of at least $5,000.

*United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir.1986). The second argument has no merit.

He then argues the witness was not qualified because he assigned the title to the pickup truck to his insurer in July, 1986, and was not the owner. It is not necessary to comment on this argument other than to observe the witness testified concerning values in May, 1986.

■ Finally, he argues the evidence of values in May, 1986, is not sufficient to establish the value of the stolen parts on November 28, 1986. It is well established that evidence of value on a preceding date may provide a sufficient basis for the determination of value on a later date.

Many cases have recognized that wholesale and retail prices are relevant in determining fair market value (*State v. Carter*, 544 S.W.2d 334, 339 (Mo.App. 1976); *State v. Hunt*, 651 S.W.2d 587, 591[10] (Mo.App.1983); *State v. Williams*, 643 S.W.2d 3, 5[6] (Mo.App. 1982)), '... provided the sale did not occur at a time too remote from the time as of which the property value is to be determined.' *State v. Thornton*, 557 S.W.2d 1, 3[4] (Mo.App.1977).

*State v. Torregrossa*, 680 S.W.2d 220, 226 (Mo.App.1984). "The evidence that the stolen property had a total cost in excess of $400, coupled with testimony as to the length of the use of such property and its being placed before the jury, would authorize the jury to find a market value of the property of at least $50 when it was stolen." *State v. Lawhorn*, 574 S.W.2d 455, 458 (Mo.App.1978).

■ Under the circumstances of this case, the testimony of the owner that the

aggregate value of the stolen parts in May, 1986, was $1,455 was a sufficient basis to support a determination the value of those parts exceeded $150 on November 28, 1986. *State v. Mills*, 728 S.W.2d 319 (Mo.App. 1987).

■ The defendant's last point is the trial court erred in permitting the state to argue the evidence of value in May, 1986, provided a basis from which the jury could infer the value of the stolen parts exceeded $150 on November 28, 1986. "The prosecutor has the right to argue reasonable inferences from the evidence, and additionally, he has the right to draw any inference from the evidence which he believes in good faith to be justified." *State v. Mc-Donald*, 661 S.W.2d 497, 506 (Mo. banc 1983). The foregoing discussion demonstrates the prosecutor was arguing a reasonable inference.

Because the trial court is in a superior position to assess the probative value and competency of opinion evidence, it enjoys considerable discretion in admitting such evidence. *State v. McGraw*, 571 S.W.3d 802, 804 (Mo.App.1978). There is no indication that the court abused its discretion in admitting the owner's testimony; once admitted, such evidence could have formed the basis for the jury's finding that the value of the item stolen exceeded $150. § 570.030, RSMo 1978.

*State v. Reilly*, 674 S.W.2d 530, 533 (Mo. banc 1984).

The defendant's fourth point is denied and the judgment is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.