STATE of Missouri, Plaintiff–
Respondent,

v.

Charles Lee CHOATE, Defendant–
Appellant.

No. 19109.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 26, 1994.

Donald L. Sanders, Springfield, for appellant.

Charles G. Ankrom, Pros. Atty., Polk County, Bolivar, for respondent.

PARRISH, Judge.

Charles Lee Choate (defendant) was charged and convicted, following a jury trial, of the class A misdemeanor offense of receiving stolen property—two boxes of metal veterinarians' brucellosis ear tags. § 570.080, RSMo 1986. He was sentenced to imprisonment in the county jail for a term of one year.[1]

Defendant presents two issues for review. He contends the trial court erred by failing to suppress evidence seized as a result of a search of his automobile that he claims was illegal. He further contends the trial court erred in denying his motion for acquittal because the evidence at trial was not sufficient to prove his guilt. This court affirms.

On December 16, 1991, defendant's brother-in-law, Buddy Prince, was arrested at a motel room in Springfield, Missouri, for cattle theft. The arrest was the result of a joint investigation conducted by Greene County officers and Polk County officers. Following his arrest, Prince telephoned defendant and requested that defendant pick up personal items Prince left in the motel room.

Carl Wagner, Chief Deputy of the Polk County Sheriff's Department, was present when Prince was arrested. He was present when Prince placed a call to ask someone to remove the property from the motel room. He and two other persons remained in the parking lot of the motel, in Wagner's car, to see what was going to happen.

Defendant arrived about three-and-a-half hours after the arrest. He was accompanied by his wife. Defendant entered Prince's motel room. He put a checkbook and other papers that Prince had left in the room in a black briefcase that was there. He took the briefcase, a gun and a cardboard box from the room, put the items in his car and drove away.

Officer Wagner and his companions followed defendant's car. They proceeded from Springfield, through Greene County into Polk County and the city of Bolivar. Officer Wagner stopped defendant's car. He told defendant he would like to talk to him. He asked defendant to go to the Polk County Sheriff's Office. Defendant agreed.

Defendant drove his car to the sheriff's office, followed by Officer Wagner. Defendant parked his car. He and his wife got out of the car, locked it and went into the sheriff's office. Defendant was shown to a conference room where Officer Wagner and the Polk County Sheriff questioned him about cattle thefts that had taken place in Polk County. Another deputy sheriff was present.

Defendant's wife was not permitted to accompany him to the conference room. She remained in the entrance area of the sheriff's office.

Defendant was read his *Miranda* warning, then questioned for twenty or twenty-five minutes. Officer Wagner told defendant he wanted to secure defendant's car in order to attempt to get a warrant the next morning to search it; that he wanted to search the car for evidence pertaining to the cattle thefts. Defendant replied there was no need for that; that he had nothing to hide; that he would give permission to search the car.

Defendant signed a written form stating that he gave permission for the officers to search a 1981 Lincoln Mark VI automobile with license plate, TXC–076. The form identified the vehicle as being "[p]resently parked or located, Polk County Sheriff's Department, 113 East Jefferson."

---

1. The punishment the jury assessed included a fine in an amount to be determined by the court.

The trial court suspended imposition of the fine.

The officers searched the automobile. They found items that defendant had removed from the Springfield motel room, including the briefcase Officer Wagner had seen him carry from the motel. The officers seized various items, including the briefcase. Among those things inside the briefcase were two boxes of metal brucellosis tags—tags that veterinarians attach to cattle's ears after they have been vaccinated for brucellosis. The brucellosis tags had been issued by the state to a veterinarian who employed defendant and members of defendant's family to do janitorial work. Defendant was charged with receiving stolen property by having kept the brucellosis tags, knowing they had been stolen.

Defendant filed a motion to suppress evidence directed to the items the officers seized. After an evidentiary hearing, the trial court denied the motion. At trial, the boxes of brucellosis tags were admitted in evidence over defendant's objection.

Defendant contends for his first point on appeal that the trial court erred in denying his motion to suppress evidence. He contends the search of his automobile "was not conducted pursuant to [his] voluntary consent."

This court must uphold the trial court's denial of defendant's motion to suppress evidence if defendant consented to the search of his automobile. *State v. Brown,* 814 S.W.2d 304, 307 (Mo.App.1991). The inquiry on appeal is whether the trial court's decision is supported by substantial evidence. *State v. Johns,* 679 S.W.2d 253, 261 (Mo. banc 1984).

■ In considering the evidence, this court considers all facts and reasonable inferences favorable to the challenged order and disregards contrary evidence and inferences. *State v. Brown, supra.* If the state proved by a preponderance of evidence that defendant voluntarily consented to the search, the trial court's finding must be sustained. *State v. Goeke,* 768 S.W.2d 84, 86 (Mo.App.1988). Consent to a search is voluntarily given if it is not the product of duress, coercion or fraud. *Id.* In making that determination this court defers to the trial court's superior opportunity to have observed the witnesses. *State v. Stolzman,* 799 S.W.2d 927, 936 (Mo.

App.1990). It will give due regard to the trial court's assessment of their credibility. *State v. Goeke, supra.*

■ Officer Wagner told the trial court that defendant consented to the search of his car. The trial court had before it the signed written consent to the search.

Defendant contended at the suppression hearing that the deputies told him they would impound and tow his car; that he was worried about the car being damaged if it were towed; that he based his permission for the search on that concern. Defendant testified that he told the deputies they could search anything that was his but not anything that belonged to his brother-in-law; that the deputies would have to get the brother-in-law's permission to search those items.

Officer Wagner's testimony was that he told defendant the officers intended to "secure" his vehicle so they could attempt to get a search warrant the next morning. He testified that defendant did not inquire whether his car would be released if he consented to the search. Officer Wagner told the trial court he did not threaten to have the car towed. He testified that defendant did not tell the deputies they could not search items belonging to Prince that were inside the car.

The trial court obviously believed the officer's testimony and disbelieved defendant's testimony. Deferring to the trial court's assessment of the credibility of witnesses, this court finds the trial court's determination that consent to search the automobile was voluntarily given is supported by a preponderance of evidence; that there was sufficient evidence for the trial court to deny defendant's motion to suppress evidence. Point I is denied.

Defendant's second point contends the evidence at trial was not sufficient to find him guilty; that the trial court erred by not granting defendant's motion for acquittal. Defendant claims the state failed to prove he retained the property; failed to prove he intended to deprive the owner of the proper-

ty; and failed to prove defendant knew or believed the property had been stolen.

This court must sustain the jury's verdict if, viewing the evidence and all inferences therefrom in the light most favorable to the verdict, rational jurors could have found beyond a reasonable doubt that defendant was guilty. *State v. Stolzman,* 799 S.W.2d at 929. "To establish a prima facie case of receiving stolen property the prosecution must prove that defendant received stolen property with the purpose of depriving the owner of his or her interest and with the knowledge or belief that the property had been stolen." *State v. Morgan,* 861 S.W.2d 221, 222 (Mo.App.1993).

### Receipt of the Brucellosis Ear Tags

■ The unrefuted evidence was that the ear tags were in the black briefcase that belonged to defendant's brother-in-law. Defendant removed the briefcase from the motel room where his brother-in-law was arrested, placed it in his car and drove away with it. The briefcase was still inside the car when the officers . from the Polk County Sheriff's Department searched the car.

■ Receiving includes acquisition of possession or control over property. *State v. Freeman,* 667 S.W.2d 443, 446 (Mo.App. 1984). A person who loads property into a vehicle and drives away with it has received that property. *Id.* There was sufficient evidence from which rational jurors could have found beyond a reasonable doubt that defendant received the brucellosis ear tags.

### Knowledge or Belief that the Property was Stolen

■ The jury heard testimony that defendant opened the briefcase while it was inside the motel room in order to put items that were elsewhere in the room inside the briefcase. The ear tags were in the briefcase when it was opened.

Defendant had provided janitorial services at a veterinarian's office. He stored a floor-buffing machine in the closet where the veterinarian kept his supply of brucellosis ear tags. Defendant had talked to the veterinarian, Dr. Stewart, about "tagging" some heifers defendant expected to acquire. The heifers were more than six-months old. Dr. Stewart had explained that the test enabling heifers to be tagged had to be performed when the heifers were no more than six-months old; that it was illegal to tag heifers older than six months.

"Knowledge or belief may be inferred from facts and circumstances." *State v. Rogers,* 660 S.W.2d 230, 232 (Mo.App.1983). This includes knowledge that goods are stolen. *State v. Hayes,* 597 S.W.2d 242, 248 (Mo.App. 1980). Defendant knew what brucellosis ear tags were and that they were dispensed only by veterinarians. There was sufficient evidence from which rational jurors could have found beyond a reasonable doubt that defendant believed the brucellosis ear tags were stolen.

### Intent to Deprive the Owner of the Property

■ "Mere possession of goods of another, coupled with defendant's belief that the goods are stolen, is sufficient ·to make a submissible case of receiving stolen property...." *State v. Davis,* 753 S.W.2d 25, 28 (Mo.App.1988). Having had sufficient evidence to find that defendant possessed the ear tags with the belief they were stolen, rational jurors could have found beyond a reasonable doubt that defendant intended to deprive the owner of the goods. Point II is denied. The judgment of conviction and sentence are affirmed.

GARRISON, P.J., and PREWITT, J., concur.